UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DENISE PAYNE, individually,

    Plaintiff,

Case No.: _____

v.

GILO REALTY, L.L.C., a Florida limited liability company; and, SUNSHINE INTERNATIONAL MARKET, INC., d/b/a SUNSHINE FLEA MARKET OF WEST PALM BEACH, INC., a Florida corporation,

    Defendants.
_____/

## COMPLAINT
(*injunctive relief demanded*)

Plaintiff, DENISE PAYNE, individually (sometimes referred to as **"Plaintiff"**), on her behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendants, GILO REALTY, L.L.C., a Florida limited liability company; and, SUNSHINE INTERNATIONAL MARKET, INC., d/b/a SUNSHINE FLEA MARKET OF WEST PALM BEACH, INC., a Florida corporation (sometimes collectively referred to as **"Defendants"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

    1.    Plaintiff, DENISE PAYNE, is an individual residing in Pompano Beach, Florida, in the County of Broward.

    2.    Defendant GILO REALTY, L.L.C. owns certain real property, and Defendant SUNSHINE INTERNATIONAL MARKET, INC. owns and operates a retail shopping market known as SUNSHINE FLEA MARKET OF WEST PALM BEACH, INC., located at

*Payne v. Gilo Realty, L.L.C., et al.*
Case No.: _____

1941 S. MILITARY TRAIL, WEST PALM BEACH, FL 33415. Together, the land and retail shopping market are referred to as the **"Property."**

3.  Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendants' Property is located in and Defendants do business within this judicial district.

4.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. § 2201 and § 2202.

5.  Plaintiff, DENISE PAYNE, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Ms. Payne has cerebral palsy and uses a wheelchair to ambulate. Ms. Payne has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Ms. Payne has visited the Property to avail herself of the retail shopping options offered to the public at the Property, and intends to do so again if the Property is made accessible. Ms. Payne lives in Pompano Beach, and regularly visits retail shopping establishments located throughout Broward County and Palm Beach County. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered her safety. In addition, under Title III of the ADA, Plaintiff has standing as a tester of ADA compliance.

6.  Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is the retail shopping establishment known as SUNSHINE FLEA MARKET OF WEST PALM BEACH, INC.

7.  Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' noncompliance with the ADA with respect to the Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to visit the Property, not only to avail herself of the retail shopping options available at the Property, but to assure herself that the Property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.  Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property (including the land and fixtures/building), as prohibited by 42 U.S.C. § 12182 *et seq.*

9.  Defendants have discriminated, and are continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Ms. Payne has personally encountered include, but are not limited to:

**Parking**

a.  The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

b.  The plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

c.  The plaintiff had difficulty accessing the facility as the designated accessible parking area is located too far from the facility entrance. Violation: Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

a.  The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

b.  The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

**Access to Goods and Services**

a.  There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG, whose resolution is readily achievable.

b.  The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

a.  The plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

b.  The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG, whose resolution is readily achievable.

c.  The plaintiff had difficulty using the toilet without assistance as the required grab bars were not provided. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

d.  The plaintiff had difficulty using the toilet as it was mounted too high. Violation: The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG, whose resolution is readily achievable.

    e.   The plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide hardware that complies with the ADAAG, whose resolution is readily achievable.

    f.   The plaintiff could not use the grab bars without assistance as the toilet paper dispenser is mounted over the side grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

    g.   The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

    h.   The plaintiff could not enter the restroom stall without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

    i.   There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG, whose resolution is readily achievable.

    10.   The discriminatory violations described in paragraph 9 are not an exclusive list of Defendants' ADA violations. Plaintiff requires the inspection of Defendants' Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff (and all other individuals similarly situated) has been denied access to, and has been denied the benefits of services, programs and activities of Defendants' Property, and has otherwise been discriminated against and damaged by Defendants because of Defendants' ADA violations, as set forth above. Plaintiff (and all others similarly situated) will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendants' Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

    11.   Defendants have discriminated against Plaintiff (and all others similarly situated), by denying them access to full and equal enjoyment of the goods, services, facilities, privileges,

*Payne v. Gilo Realty, L.L.C., et al.*
Case No.: _____

advantages and/or accommodations of the Property in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, Defendants continue to discriminate against Plaintiff (and all others similarly situated), by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.   Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its Property, that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' Property since January 26, 1992, then Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the Property are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and, finally, if Defendants' Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendants' Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.   Notice to Defendants is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer

*Payne v. Gilo Realty, L.L.C., et al.*
Case No.: _____

employees and gross receipts of $500,000 or less). Plaintiff has satisfied all other conditions precedent to the filing of this action, or such conditions precedent have been waived by Defendants.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendants to alter the Property and to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment determining that Defendants at the commencement of the subject lawsuit are in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against Defendants including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

*Payne v. Gilo Realty, L.L.C., et al.*
Case No.: _____

d.  Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this <u>26th</u> day of <u>July</u>, 2016.

    Respectfully submitted,

    **ESPINOSA LAW GROUP**
    10625 N. Kendall Dr.
    Miami, FL 33176-1510
    Tel.: 352-219-1974
    E-mail: despinosa@espinosalawgroup.com
    E-mail: jpadilla@espinosalawgroup.com

    By: */s/ Danny Espinosa*
        DANIEL ALBERTO ESPINOSA
        Florida Bar No. 81686
        JORGE PADILLA
        Florida Bar No. 0054517